UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

United States of America

Case No. 24 MJ 481

v. Jacob Israel Walden, Defendant

## ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:
( ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or
(✓) Upon **Bond** executed by the defendant in the amount of $ 200,000 , which shall be
  [X] unsecured; [X] cosigned by the financially responsible sureties identified on this bond;
  [X] secured by Collateral set forth on the Appearance Bond Supplement.

### CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2) The defendant must not commit a federal, state or local crime while on release.
(3) The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4) The defendant must advise the Court in writing before making any change in residence or telephone number.
(5) The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7) As marked below, the defendant must also:
  (✓) (a) submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.
  ( ) (b) ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.
  (✓) (c) surrender any passport to Pretrial Services by _____ and not obtain a passport or any international travel document.
  (✓) (d) not leave the following areas except for travel to and from court: [✓] New York City; [✓] Long Island; ☐ New York State; [✓] New Jersey; ☐ Continental United States; [✓] as approved by Pretrial Services; [✓] other: SDNY _____
  (✓) (e) not have any contact with the following individual(s), location or entity: _____
  (✓) (f) maintain residence at: _____ or at a location approved by Pretrial Services.
  ( ) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.
  (✓) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  ( ) (i) be subject to the following component of location monitoring, with technology as determined by Pretrial Services:
    ( ) (i) **Curfew** – restricted to residence ☐ daily from _____ to _____; or ☐ as directed by Pretrial Services.
    (✗) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: SEE Pg 5 _____.

*costs paid by Δ if financially able →*

  ( ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.
  ( ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.
  ( ) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.
  (✓) (k) Adam Walsh Conditions (see P. 4 of Bond)

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

_____  8/1/24
                                                   Date

_____ , Surety  _____ Address  _____ Date

_____ , Surety  _____ Address  _____ Date

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (i.e., must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
                                    Defendant's Signature

Release of the Defendant is hereby ordered on  8/1/24 .  _____ , US MJ
                                               Date         Judicial Officer's Signature

## Appearance Bond Supplement

Defendant: Jacob Israel Walden     Amount of Bond: $ 200,000

The following surety or sureties, which may include the defendant, acknowledge that they have read the Order Setting Conditions of Release and Appearance Bond or had these conditions explained to them. They further acknowledge that they, jointly and severally, are bound to pay the United States of America the sum of the amount of the bond as set forth in that Order. Their obligation shall be secured by their interest in the following Collateral:

- [ ] Cash deposited in the Registry of the Court in the sum of $ _____ ;
- [x] Property (premises, securities, bonds or other asset) identified below;
- [x] For any premises, the surety agrees to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney's Office, to be duly filed with the proper local or state authorities on or before 8/8/2024.
- [ ] For any securities, bonds or other assets, the surety agrees to have the property restrained.

Each owner of the Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while the Appearance Bond is in effect.

| Signature | Address | Date | Acknowledged Before |
|---|---|---|---|
| [redacted] | | 8/1/24 | SJB USMJ |
| [redacted] | | 8/1/2024 | SJB USMJ |
| , Surety | | | USMJ |
| , Surety | | | USMJ |
| , Surety | | | USMJ |
| , Surety | | | USMJ |

Signed and Acknowledged by all the above sureties before me on _____, 20____    _____, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

Property located at: 846 Cliffside Avenue Valley Stream New York 11581
Owned by: Rochel Walden & Jacob Israel Walden

Property located at: _____
Owned by: _____

Property located at: _____
Owned by: _____

Defendant: **JACOB WALDEN**    Dkt. No. **24 MJ 481**

## Supplemental Conditions of Release in Cases subject to Pub. L. No. 109-248 → AS REFLECTED IN PAGE 5.

In accordance with the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, the defendant is subject to the following conditions of release:

- [ ] 7. The defendant is placed under the supervision of the U.S. Pretrial Services Agency. Defendant must report to the U.S. Pretrial Services Agency as directed and is subject random visits by a Pretrial Services officer at defendant's residence and place of work, if applicable.

- [ ] 8. The defendant is subject to electronic monitoring and home confinement as follows:

    - [ ] (i) **Home Incarceration.** The defendant is subject to home confinement at all times, except for medical needs or treatment, attorney visits and court appearances pre-approved by the U. S. Pretrial Services Agency;

    or

    - [ ] (ii) **Home Detention.** Defendant must stay at his residence at all times, except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by the U. S. Pretrial Services Agency.

    or

    - [ ] (iii) **Curfew only.** Defendant must abide by the curfew set in par. 9.

- [ ] 9. **Curfew.** Without limiting any of the requirements in par. 8, the defendant may not leave his residence from _____ p.m. to _____ a.m., except for emergency medical treatment.

- [ ] 10. The defendant must abide by the following restrictions on personal association, place of abode, or travel:

    - [ ] a. The defendant shall not have any contact or association with any individual under the age of 18, except when the minor is in the presence of another adult who is the parent or legal guardian of the minor. The defendant may not communicate with any individual under the age of 18 in writing, over the telephone or via any electronic means.

    - [ ] b. The defendant shall avoid areas frequented by children under the age of 18, including school yards, parks, playgrounds, fast food restaurants near schools and arcades.

    - [ ] c. The defendant must reside at _____

    - [ ] d. Other: _____

- [ ] 11. The defendant must avoid all contact, direct or indirect, with any person who is or who may become a victim or potential witness in the subject investigation or prosecution.

- [ ] 12. The defendant may not possess any firearm, destructive device, or other dangerous weapons.

### Additional conditions of release:

- [ ] 13. The defendant must undergo mental health evaluation and/or treatment specific to the offense charged, as directed by the U.S. Pretrial Services Agency.

- [ ] 14. The defendant shall pay all or part of the cost of electronic monitoring program and any required mental health treatment based on the ability to pay, as determined by the U. S. Pretrial Services Agency.

- [ ] 15. The defendant may not use a computer and/or access the internet except as may be necessary for employment purposes only.

- [ ] 16. The U.S. Pretrial Services Agency may inspect any computer or devices with Internet access belonging to the defendant and install computer monitoring software as deemed appropriate. The defendant must pay all or part of the cost of the monitoring software installed based on his ability to pay as determined by the U. S. Pretrial Services Agency.

- [ ] 17. Other: _____

SO ORDERED on **28/11**, 20**24**    _____, US **M** J

Add'l Conditions JACOB WALDEN 24MJ481

6. The defendant shall not have any contact or association with any individual under the age of 18, ~~including his own children~~, except when the minor is in the presence of another adult who is the parent or legal guardian of the minor. The defendant may not communicate with any individual under the age of 18 in writing, over the telephone or via any electronic means. This does not apply to his own child
7. The defendant shall avoid areas frequented by children under the age of 18, including school yards, parks, playgrounds, fast food restaurants near schools and arcades.
8. The defendant must reside at a residence approved by Pretrial Services.
9. The defendant must avoid all contact, direct or indirect, with any person who is or who may become a victim or potential witness in the subject investigation or prosecution.
10. The defendant may not possess any firearm, destructive device, or other dangerous weapons (and must surrender any firearm(s) to another licensed owner or local police precinct).
11. The defendant must undergo mental health evaluation and/or treatment specific to the offense charged, as directed by Pretrial Services. The defendant shall pay all or part of the cost of any required mental health treatment based on the ability to pay, as determined by Pretrial Services.
12. The defendant may not use a computer and/or access the internet through any means, except for the following:
    - Computer use and internet access is permitted only as may be necessary for employment or school purposes, with the prior approval of Pretrial Services, but not for employment involving contact with any individual under the age of 18.
    - Computer use and internet access is permitted only as may be necessary to communicate with Pretrial Services, defense counsel, treatment provider, or anyone else with prior approval from Pretrial Services.
    - If access to the internet is permitted, the defendant may have only one email address and must give Pretrial Services access to the account.
13. The Pretrial Services may inspect any computer/router or device with internet access, data and storage media devices, and/or external hard drives belonging to the defendant or located within his residence or privately owned business, and install computer monitoring software as deemed appropriate. The defendant must pay all or part of the cost of the monitoring software installed.

[redacted]

8/1/24